UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES JOE JACKSON, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 3:25-CV-1369-X |
| DALLAS COUNTY, TEXAS, | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Dallas County, Texas's Motion to Dismiss. (Doc. 14). The Court **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** the complaint. The Court also **GRANTS** Plaintiff Charles Joe Jackson leave to amend his complaint to cure its deficiencies within 28 days of this order.

### I. Background

This case is yet another case of overdetention—"a euphemism for prisoners illegally incarcerated beyond the terms of their sentence."[1] Charles Joe Jackson pled guilty on May 26, 2023, and received deferred adjudication community supervision, which required his immediate release. But the District Clerk delayed sending the "Notice of Disposition" until June 2, 2023, detaining Jackson until June 3—eight days later than the law permitted.

Because of this delay, Jackson brought general municipal liability and deliberate indifference claims under 42 U.S.C. § 1983, alleging that his eight

---

[1] *McNeal v. LeBlanc*, 90 F.4th 425, 428 (5th Cir. 2025) (per curiam).

1

additional days in jail constituted violations of the Fourth, Eighth, and Fourteenth Amendments. Dallas County moved to dismiss, asserting that Jackson's complaint fails to plead sufficient facts to state a *Monell* claim.[2]

## II.  Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[3] A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[5] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[6] And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the

---

[2] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

[3] Fed. R. Civ. P. 12(b)(6).

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[7] *Iqbal*, 556 U.S. at 678.

complaint as true.[8]  That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[9]

### III.  Analysis

Dallas County argues that Jackson's general municipal liability and deliberate indifference claims should be dismissed because he fails to provide sufficient facts to support these claims.  The Court agrees, and Jackson's complaint should be dismissed without prejudice.

### A. General Municipal Liability

Municipal and county governments "may be sued if it is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."[10]  The plaintiff "must plead facts that plausibly establish that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."[11]

Dallas County argues that Jackson has failed to allege facts to support all three prongs, any of which would be fatal to his claim.  The Court takes each in turn.

**i. Official Policy**

Dallas County first contends that Jackson has failed to sufficiently allege an official policy of overdetention.  An official policy may be alleged by either showing "a

---

[8] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[9] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023).

[10] *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010) (cleaned up).

[11] *St. Maron Props., L.L.C. v. City of Houston*, 78 F.4th 754, 760 (5th Cir. 2023) (cleaned up).

policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers," or "where the constitutional deprivation is pursuant to a governmental custom, even if such custom has not received formal approval."[12] Jackson does not assert an official policy statement, ordinance, regulation, or decision exists.

Accordingly, Jackson must allege facts showing a customary policy exists. "A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct."[13]

"Proving a pattern is a heavy burden."[14] Accordingly, it is a burden "that has rarely been met."[15] The practice must be "so persistent and widespread as to practically have the force of law."[16] And the Fifth Circuit has held that plaintiffs fail to meet this burden even when they allege that dozens of incidents over several years

---

[12] *Zarnow*, 614 F.3d at 166 (cleaned up).

[13] *Id.* at 169.

[14] *Estate of Bonilla v. Orange Cnty.*, 982 F.3d 298, 309 (5th Cir. 2020) (cleaned up).

[15] *Id.*

[16] *Peña v. City of Rio Grande City*, 879 F.3d 613, 621–22 (5th Cir. 2018) (cleaned up).

have occurred.[17]  Moreover, factual context for incidents must be alleged.[18]  Generic statistics "devoid of factual development and context" are insufficient.[19]

Jackson's complaint suffers from these defects in two respects.

First, Jackson cites a survey of sixty-three alleged cases of overdetention by Dallas County between October 2024 and June 2025 and breaks down the survey by length of overdetention.  But these incidents occurred *after* Jackson's overdetention.  And Fifth Circuit precedent is clear that the court's analysis turns on "*prior* incidents."[20]  Accordingly, this data cannot be evidence of a de facto policy in effect when Jackson was detained, nor could it have put Dallas County on notice for a custom of overdetention.

And even if the Court considered the survey data, Jackson provides no factual development or context for these cases that would allow the Court to determine whether they were sufficiently similar to his own.  So the survey cannot support Jackson's claim.

Second, Jackson gives eight specific cases of overdetention in Dallas County to establish that a custom existed.  But, as far as the Court can tell, only Rhyan Harris was released before Jackson was.  Similarly, the July 2023 *Dallas Morning News*

---

[17] *See, e.g.*, *Peterson v. City of Fort Worth*, 588 F.3d 838, 851–52 (5th Cir. 2009) (holding that twenty-seven instances of excessive force over four years is insufficient to establish municipal custom in Fort Worth); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (eleven warrantless searches is insufficient to establish a municipal custom in Houston); *Hamilton v. Rodgers*, 791 F.2d 439, 443 (5th Cir. 1986) (holding a dozen incidents over two and a half years is insufficient to show municipal policy in Houston).

[18] *See York v. Welch*, 2024 WL 775179, *4 (5th Cir. February 26, 2024).

[19] *Id.*

[20] *Verastique v. City of Dallas, Tex.*, 106 F.4th 427, 432 (5th Cir. 2024) (emphasis added).

5

article he cites was published after his June 2023 release. Thus, neither the specific the cited cases nor the article demonstrates that Dallas County had notice of a custom of overdetention. Moreover, the Court notes that at least twenty-seven other instances of overdetention would likely be needed to establish such notice for a political subdivision of Dallas County's size.[21]

Accordingly, Jackson fails to sufficiently plead the existence of an official policy or custom, and his complaint fails under *Monell*'s first prong.

### ii. Policymaker

Dallas County next argues that Jackson's complaint fails to sufficiently identify the policymaker. To be sure, the complaint hedges its bets by naming several potential policymakers. But the Fifth Circuit has made it clear that "the specific identity of the policymaker is a legal question that need not be pled; the complaint need only allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable."[22] So Jackson's pleading is sufficient at this stage.

### iii. Moving Force

Dallas County contends that Jackson fails to sufficiently allege that Dallas County's policy of overdetention was the "moving force" of his injury. To prove a "moving force," the "plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a more causal link between the

---

[21] *See Peterson*, 588 F.3d at 851–52; *Pineda*, 291 F.3d at 329; *Rodgers*, 791 F.2d at 443.

[22] *Groden v. City of Dallas, Tex.*, 826 F.3d 280, 284 (5th Cir. 2016).

municipal action and deprivation of federal rights."[23] The "municipal decision" must "reflect[] deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow that decision."[24]

The Fifth Circuit has made clear that this is a "high standard."[25] "The connection must be more than a mere but for coupling between cause and effect."[26] So "a showing of simple or even heightened negligence will not suffice."[27]

Here, Jackson alleges that "Dallas County employees and policy makers, at essentially every level of operation, have been informed of ongoing and systemic problems of overdetention in the Dallas County jail."[28] He also argues that the "Odyssey" court management system was known to be causing overdetention by May 2023, relying on a *Dallas Morning News* article from July 20, 2023 and an assertion that officials had been told there was a problem by county prosecutors, defense attorneys, detained inmates, and family and friends of detained inmates.[29]

These allegations fail to establish a direct causal connection between Jackson's overdetention and any county policy. First, his assertion that all policy makers had been informed of the overdetention problem by May 2023 is conclusory. Second, the *Dallas Morning News* article was published after Jackson's June 3, 2023 release and

---

[23] *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (cleaned up).

[24] *Id.*

[25] *Id.*

[26] *Id.* at 546 (cleaned up).

[27] *Id.* at 542.

[28] Doc. 10 at 6.

[29] *Id.*

7

cannot show contemporaneous notice that was disregarded by County officials. So Jackson's complaint fails to meet *Monell*'s demanding causation requirement.[30]

### B. Deliberate Indifference—Failure to Train, Inaction

Finally, Dallas County alleges that Jackson's alternative theories of recovery—deliberate indifference from failure to train and inaction—are similarly infirm. The Court agrees.

To make a claim of failure to provide proper training, Jackson must show "(1) the municipality's training policy or procedure was inadequate; (2) the inadequate training policy was a moving force in causing violation of the plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy."[31]

Here, Jackson alleges specific failures, such as failure to double-check work, supervise other employees, and recognize, correct, and report errors. But, as with the generic municipal liability claim, Jackson fails to provide facts showing there was a "pattern of similar violations" amounting to a de facto policy.[32]

Similarly, Jackson's inaction claim fails. Jackson doesn't allege facts showing something more than simple or heightened negligence occurred.

Accordingly, Jackson's deliberate indifference claims merit dismissal.

### IV. Conclusion

---

[30] *See Valle*, 613 F.3d at 542.

[31] *Id.* at 544.

[32] *Id.* at 547.

Accordingly, the Court **GRANTS** Dallas County's motion and **DISMISSES** Jackon's complaint **WITHOUT PREJUDICE**. The Court also **GRANTS** Jackson leave to amend his complaint to cure its deficiencies within 28 days of the issuing of this order. Jackson's changes are limited to curing the defects identified in this order.

**IT IS SO ORDERED** this 21st day of October, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE